IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CV-154-FL

| | | |
|---|---|---|
| JOHN D. MCCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM and** |
| | ) | **RECOMMENDATION** |
| ERNIE R. LEE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

The above-captioned matter is before the court on the motion (D.E. 1) by plaintiff John D. McCallister ("plaintiff") to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and the frivolity review pursuant to § 636(b)(1)(B).

### ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion (D.E. 1) to proceed *in forma pauperis* is therefore ALLOWED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.    BACKGROUND**

　**A.    Defendants**

Plaintiff's complaint (D.E. 1-1) is a 7-page typewritten document to which are attached 15 exhibits (D.E. 1-2 to D.E. 1-16), a piecemeal collection of court-related and other documents. Plaintiff names as defendants: Ernie R. Lee, an Onslow County Assistant District Attorney ("ADA") (*see* Compl. ¶ 17); Dewey Hudson, Onslow County District Attorney ("DA") (*see id.* ¶

26); Joseph B. Gilbert, plaintiff's former defense attorney (*see id.* ¶ 22); Cara Tussey, a worker in the Records Division of the Jacksonville Police Department ("JPD") (*see id.* ¶ 31; Exs. N & O); and Ed Brown, an official with the Onslow County Sheriff's Department ("OCSD") (*see* Compl. 2).

### B. Allegations of Fact

Plaintiff alleges as follows:

On or about 17 March 1993, police stopped plaintiff in Hopkinsville, Kentucky because he was driving a car belonging to Mary Elizabeth Pugh ("Pugh") that had been reported stolen in North Carolina. (*Id.* ¶ 1; Ex. B). Kentucky officials notified North Carolina authorities. (Compl. ¶ 1). On 18 March 1993, the JPD issued a warrant for plaintiff's arrest for felonious larceny of Pugh's car on 10 January 1993 (in violation of N.C. Gen. Stat. § 14-72(a)). (*Id.* ¶ 6; Ex. E). The following day, 19 March 1993, Kentucky police arrested plaintiff on a Kentucky fugitive (*i.e.*, extradition) warrant based on the JPD's charges against him. (*Id.* ¶ 3; Ex. B (citing in "STATUTE/ORD." box Ky. Uniform Criminal Extradition Act, Ky. Rev. Stat. Ann. § 440.270)). At some point in 1993, Kentucky officials also indicted plaintiff for possession on 17 March 1993 of personal property owned by Pugh and others, and for being a "Persistent Felony Offender, First-degree." (Compl. ¶ 2; Ex. A).[1]

On 24 September 1993, after JPD officials allegedly came to Kentucky to investigate, a Kentucky court dismissed the extradition proceedings against plaintiff. (Compl. ¶¶ 4, 5; Exs. B, D). Plaintiff alleges that the North Carolina charges had previously been dismissed, citing an 8 August 1993 teletype message from the OCSD (Ex. C) to the jail for the county in which

---

[1] Notably, plaintiff does not allege the outcome of that case.

2

Hopkinsville is located (Christian County) stating that the OCSD could find no pending or unserved charges against plaintiff in its records or in court files. (*See* Compl. ¶ 4).

In 1998, proceedings in Onslow County District Court began against plaintiff on the charges underlying the 1993 arrest warrant. (*Id.* ¶ 6; Ex. E). Specifically, he was arrested pursuant to the 1993 warrant on 24 September 1998 by the OCSD. (*See id.* ¶ 8; Ex. F). The following day, 25 September 1998, the Onslow County District Court entered an order authorizing his release upon posting of a $3,000 secured bond, but it appears that he was unable to post bond. (Compl. ¶ 8; Exs. G, K at 1). Lee was the ADA handling the case, acting with the permission of DA Hudson. (Compl. ¶ 26).

Plaintiff characterizes the 1993 arrest warrant as "forged." (Compl. ¶ 6). He also contends that the court case number on the warrant, 94CR5243, presumably as well as the corresponding Superior Court case number, 94CRS5243, and the police case file number on the warrant, OCA930219, are illegitimate.[2] The purportedly forged nature of the arrest warrant and illegitimate nature of the court case and police file numbers are allegedly evident from the purported dismissal of the charges in the 1993 arrest warrant, use of 1994 as the basis for the court case numbers, and two letters to plaintiff from the Clerk of Onslow County Superior Court and the JPD in 2005 and 2006 allegedly showing documentation irregularities. (Compl. ¶¶ 7, 11, 12; Ex. H, I). He alleges that a 2009 letter to him from Tussey in the JPD tending to show no irregularities is willfully false. (Compl. ¶ 32; Ex. O).

On 19 November 1998, plaintiff, represented by Attorney Gilbert, entered into a plea agreement whereby he pled guilty to charges based on those in the 1993 arrest warrant.

---

[2] Different formats for these numbers appear in plaintiff's submissions (*e.g.*, "OCA#930219," "OCA 93-0219," "1994CR 005243"). These differences do not appear to be material. The format used herein is intended to encompass all the various formats.

Specifically, he pled guilty to possession of stolen property (in violation of N.C. Gen. Stat. § 14-71.1) and agreed to imprisonment for up to the pretrial time served and dismissal of the felony larceny charge. (Compl. ¶ 21; Ex. J at 2). On the same date, the court then presiding, Onslow County Superior Court, approved the plea agreement. (*See* Ex. J at 2). The court also entered a judgment and commitment order sentencing plaintiff to the 57 days of incarceration he had already served pretrial. (Compl. ¶ 28; Ex. K).

In 2004, plaintiff was charged in Onslow County Superior Court with committing common law robbery on 12 April 2004, and common law robbery and attempted larceny on 14 April 2004. (*See* Compl. ¶ 29). He pled guilty to these offenses. (*See* Ex. L at 1). The court found him to be a habitual felon, based in part on his conviction for possession of stolen property in case number 94CRS5243. (*Id.*; Ex. M). He was sentenced to 90 to 117 months imprisonment. (Compl. ¶ 29; Ex. L at 1).

### C. Claims

Based on the foregoing alleged events, plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his federal constitutional rights. (Compl. 1). Specifically, he alleges that ADA Lee violated his right against double jeopardy under the Fifth Amendment by prosecuting him in 1998 for the 1993 charges that had purportedly been dismissed and, apparently, that DA Hudson did so as well by permitting Lee's alleged misconduct (*id.* ¶¶ 17, 20, 26, 35); Attorney Gilbert violated plaintiff's right to effective assistance of counsel under the Sixth Amendment by coercing plaintiff into an illegal conviction, signing the 1998 plea agreement knowing the underlying records did not match, colluding with the prosecution, and committing other errors (*id.* ¶¶ 22-25, 27, 36); Tussey violated plaintiff's rights to due process and equal protection under the Fourteenth Amendment by attempting through her allegedly untruthful letter to cover up

criminal activity in the OCSD (*id.* ¶¶ 32, 33); and the other defendants also committed violations of plaintiff's due process and equal protection rights through their misconduct (*id.* ¶ 33).

In addition, plaintiff alleges malicious prosecution against ADA Lee and, apparently, DA Hudson for permitting Lee's alleged misconduct. (*Id.* ¶ 20). Plaintiff makes no express allegations against Brown, although he alleges that the OCSD violated plaintiff's Fourth Amendment rights by arresting him on the purportedly forged 1993 arrest warrant. (*Id.* ¶¶ 8-10, 37). He notes that the arresting officer listed on the arrest warrant and release order is number P235 (*see id.* ¶¶ 8, 9), but he does not identify the officer.

Plaintiff seeks removal from his criminal record of court case number 94CR5243 (and presumably case number 94CRS5243 as well) and the determination that he is a habitual felon, and resentencing on his two convictions for common law robbery in 2004. (*Id.* ¶ 41). He also seeks a declaration that defendants' conduct violated the Constitution and federal laws (*id.* ¶ 40), and compensatory damages of $2,500,000 against each defendant jointly and severally (*id.* ¶ 43). He further demands an order compelling a public apology from ADA Lee, DA Hudson, Attorney Gilbert, JPD records employee Tussey, and the OCSD (*id.* ¶¶ 41, 42), and the award of costs (*id.* ¶ 44).

## II.  DISCUSSION

### A.  Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for

frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

**B.     Analysis**

Plaintiff's claims fail on several grounds. To the extent that plaintiff challenges his 1998 conviction, he cannot do so under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or

6
Case 7:13-cv-00154-FL   Document 5   Filed 05/08/14   Page 6 of 10

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."); *see also American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (applying *Rooker-Feldman* doctrine, which bars what in substance would be appellate review in district court of a state court judgment). Similarly, he may not challenge his 2004 sentence under § 1983. *See Heck*, 512 U.S. at 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Plaintiff also fails to state a claim on the merits of his allegations. The gravamen of his contentions is that the 1998 prosecution against him based on the charges in the 1993 arrest warrant was unlawful. One alleged reason is that the underlying arrest warrant was forged. He does not, however, allege facts showing forgery.

He also points to the alleged dismissal of the 1993 charges. But the records he submitted show definitively only that the Kentucky extradition proceeding was dismissed. (*See* Exs. B, D). The OCSD may have been unable in August 1993 to find pending or unserved charges against plaintiff in its files because it was not the charging agency (the JPD was) or in court files because court proceedings may not yet have been commenced, as assignment of a 1994 court case

number suggests.[3]  Thus, the 1993 warrant may have remained an active one.  Under this scenario, there would have been no apparent impropriety with commencement of court proceedings in 1994 and the assignment of a 1994 court case number to the proceedings. Similarly, the 1993 charges could appropriately be the basis for the proceedings in 1998.

But even if the 1993 charges had been dismissed, the dismissal could well have been without prejudice.  Indeed, that would appear likely if no court proceedings had yet been undertaken against plaintiff.  Such a dismissal would not have made improper the commencement of court proceedings in 1994 and assignment of a 1994 court case number, or the prosecution in 1998.  Plaintiff alleges no facts showing that any dismissal in 1993 was with prejudice.

The correspondence to which plaintiff cites shows no unlawful conduct.  One letter, dated 26 October 2005, from the Onslow County Clerk of Superior Court to plaintiff states that the court's file did not contain any statements or reports from the officers plaintiff had inquired about. (Compl. ¶ 11; Ex. H).  This letter, though, indicates simply, in effect, that purported witness statements are not included in the court file for the case.  No facts are alleged showing that such material should be in the court file.  Indeed, the letter does not assert that the statements do not exist, but rather suggests that plaintiff contact the lawyer who represented him or the agency that investigated him for copies of the statement.  Hence, the non-inclusion of the statements does not show that they do not exist, as plaintiff appears to assume.

Plaintiff also cites to a 21 September 2006 letter from the Clerk to him stating that in telephone calls with the JPD and OCSD they indicated that police file number OCA930219 did

---

[3] It is, of course, conceivable that the assertion of charges against plaintiff by Kentucky authorities in connection with the theft of Pugh's car played a role in any decision by North Carolina authorities to defer their proceedings against him on related charges.  Because of circumstances such as this and myriad others, delay in the pursuit of a prosecution is not, in itself, an indication of any impropriety.

8

Case 7:13-cv-00154-FL   Document 5   Filed 05/08/14   Page 8 of 10

not match their records. (Compl. ¶ 12; Ex. I). As this letter states, the information from the JPD and OCSD was obtained simply by telephone, not even in writing.

More significantly, though, the letter from Tussey in the JPD to plaintiff, dated 10 March 2009, tends strongly to discredit the 2006 letter. It states that the JPD would provide him a copy of police file number OCA930219 in response to a subpoena for it. (Compl. ¶ 32; Ex. O). Moreover, the 2009 letter related the report to the court case numbers otherwise associated with plaintiff's conviction for the 1993 charges—94CR5243 and 94CRS5243. Although plaintiff contends that the 2009 letter was willfully false, he alleges no facts adequate to show that.

Notably, the correspondence on which plaintiff relies post-dates the 1998 prosecution by 7 to 11 years and the offense conduct by 12 to 16 years. The mere passage of time could account for some of the alleged recordkeeping discrepancies upon which plaintiff relies. They provide too insubstantial a basis for violations of constitutional magnitude.

Lacking support in specific factual allegations, plaintiff's allegations of wrongdoing are impermissibly conclusory. His claims should be dismissed on this additional ground.[4]

As to Brown, there is a complete absence of allegations relating specifically to him. This lack of allegations provides a further basis for dismissal as to him.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

---

[4] Although plaintiff contends that the OCSD arrested him unlawfully and demands an apology from it (Compl. ¶¶ 10, 42), he did not name it as a defendant. It would not be a proper defendant anyway. *See Moore v. City of Asheville, N.C.*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing all claims against the Asheville Police Department "because, under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued" (citing *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988))), *overruled on other grounds by Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997); *see also Jackson v. Wilkes Cnty.*, No. 5:11-CV-00042-RLV, 2012 WL 4753304, at * 3 (W.D.N.C. 28 Sept. 2012) (dismissing § 1983 claims against Wilkesboro Police Department because it is not a suable entity); *Elabanjo v. Bellevance*, 2012 WL 4327090, at * 4 (M.D.N.C. 18 Sept. 2012) (same holding with respect to the Chapel Hill Police Department). Thus, plaintiff also fails to state a claim against the OCSD.

The Clerk shall send a copy of this Memorandum and Recommendation to plaintiff, who shall have 14 days from service thereof to file written objections. Failure to file timely written objections bars plaintiff from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 8th day of May 2014.

James E. Gates
United States Magistrate Judge

10
Case 7:13-cv-00154-FL   Document 5   Filed 05/08/14   Page 10 of 10