IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-154-FL

| | | |
|---|---|---|
| JOHN D. MCCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ERNIE R. LEE, JOSEPH B. GILBERT, | ) | |
| DEWEY HUDSON, CARA L. TUSSEY, | ) | |
| and ED BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaints on frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has objected to the M&R (DE 9), and issues raised are ripe for ruling. For the reasons that follow, the court ADOPTS the recommendation of the magistrate judge.

Plaintiff, proceeding pro se, initiated this matter by filing a motion for leave to proceed *in forma pauperis* (DE 1), seeking to file a complaint asserting various claims under 42 U.S.C. § 1983 against defendants and further asserting a claim for malicious prosecution against defendants Lee and Hudson.[1] This motion was referred for ruling and for frivolity review. On May 8, 2014, order

---

[1] As noted in the M&R, plaintiff also alleges that the Onslow County Sheriff's Department ("OCSD") wrongfully arrested him. See Compl. ¶¶ 10, 37. Plaintiff did not, however, name the OCSD as a defendant, nor could it be properly named as a defendant. Under North Carolina law, it is not an independent legal entity with the capacity to sue and be sued. See Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C. 2008) (citing Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C.2003)).

and M&R were entered granting plaintiff's motion to proceed *in forma pauperis* but recommending plaintiff's complaint be dismissed for frivolity. That same day, plaintiff moved to amend his complaint (DE 7, 8). Plaintiff later filed objection to the M&R, together with a supporting memorandum (DE 9, 10).

By order entered July 3, 2014, the court granted plaintiff's motion to amend, directing him to file his amended complaint by July 21, 2014. No amended complaint has been filed. Accordingly, the court concludes that plaintiff has abandoned his purpose to file an amended complaint. The court therefore returns to consider the M&R issued upon the initial complaint and plaintiff's objections thereto.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant that is immune from such recovery.

2

As noted in the M&R, the gravamen of plaintiff's complaint is that he was wrongfully prosecuted in 1998 based upon a charges contained in a 1993 arrest warrant, which warrant he claims was forged. The M&R recommends plaintiff's complaint be dismissed where 42 U.S.C. § 1983 – the statute under which plaintiff makes many of his claims – is not a vehicle by which a plaintiff may challenge a conviction, and where plaintiff fails to state a claim on the merits of his allegations.

Plaintiff does not specifically object to dismissal of his section 1983 claims on the ground that he seeks to thereby to improperly challenge a prior conviction. The court therefore reviews this determination for clear error. Diamond, 416 F.3d at 315. Plaintiff's section 1983 claims against defendants all revolve around his 1998 conviction and hinge upon the asserted wrongfulness of that conviction. The Supreme Court has made clear that such claims are improper under section 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement."). Accordingly, these claims must be dismissed.

Plaintiff's claim for malicious prosecution also fails. To state a claim for malicious prosecution, a plaintiff must allege four elements: "(1) defendant initiated the earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) *termination of the earlier proceeding in favor of the plaintiff*." Best v. Duke Univ., 337 N.C. 742, 749 (1994) (emphasis added). Here, plaintiff's complaint does not allege that the earlier proceedings terminated in his favor, but rather that he pleaded guilty pursuant to a plea agreement. See Compl. ¶ 24. Accordingly, plaintiff fails to state a claim for malicious

prosecution and this claim is dismissed.

## CONCLUSION

For the reasons given above, the court ADOPTS the recommendation of the M&R and DISMISSES plaintiff's complaint. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4